1  William A. Delgado (Bar No. 222666)
2  wdelgado@willenken.com
   WILLENKEN WILSON LOH & LIEB LLP
3  707 Wilshire Blvd., Suite 3850
   Los Angeles, CA 90017
4  Tel: (213) 955-9240
5  Fax: (213) 955-9250

6
   Charles B. Casper (*pro hac vice* to be filed)
7  Peter Breslauer (*pro hac vice* to be filed)
   MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
8  123 South Broad St., 24th Fl.
9  Philadelphia, PA  19109

10
   Attorneys for Defendant
11 MICROSOFT CORPORATION

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15 JASON SALMONSON, individually and      Case No. CV11-05449 JHN (JCx)
   on behalf of a class of persons similarly
16 situated,                               (State Court No. BC462493)

17                                         **NOTICE OF REMOVAL OF**
                      Plaintiffs,          **ACTION PURSUANT TO 28 U.S.C. §**
18                                         **1446**

19 v.

20 MICROSOFT CORPORATION, a
   Washington corporation; and DOES 1 to
21 100 inclusive,

22
                      Defendants.
23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1446, Defendant, Microsoft Corporation ("Microsoft"), hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  In support of its Notice of Removal, Microsoft states as follows:

     1.    On May 27, 2011, Plaintiff Jason Salmonson filed a Complaint in the Central District of the Superior Court of California, County of Los Angeles, Docket No. BC 462493, captioned *Jason Salmonson, individually and on behalf of a class of persons similarly situated v. Microsoft Corporation, a Washington Corporation; and DOES 1 to 100, Inclusive.*

     2.    On June 1, 2011, Plaintiff served the Summons and Complaint on Microsoft.

     3.    True and correct copies of the Summons and Complaint, which constitute "all process, pleadings, and orders served upon" Microsoft, *see* 28 U.S.C. § 1446(a), are attached hereto as Exhibit A.

     4.    A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, and is being served on Plaintiff's counsel under 28 U.S.C. § 1446(d).

     5.    Plaintiff alleges that he "purchased a software download from MICROSOFT on March 5, 2011" and "[a]s a condition of receiving goods from MICROSOFT, PLAINTIFF was required to provide his telephone number and address in order to complete his credit card purchase." Compl. ¶ 15.

     6.    Plaintiff alleges that "MICROSOFT both requests and requires customers to provide MICROSOFT with personal information including, but not limited to the customer's telephone number and address as a condition of accepting a credit card as payment for MICROSOFT's goods and services," and that "this information is also

requested by and through the use of a pre-printed form which requires a consumer to provide his or her personal information to MICROSOFT."  Compl. ¶ 16.

7.     Plaintiff further alleges that "MICROSOFT records each consumer's personal information, including, but not limited to a telephone number and address, in line with each credit card transaction, and keeps records of such personal information." Compl. ¶ 17.

8.     Plaintiff claims that Microsoft's alleged conduct described *supra* in paragraphs 6 and 7 violated the Song-Beverly Credit Card Act (the "Act"), Cal. Civil Code § 1747.08.  Compl. ¶¶ 21-30.

9.     Plaintiff seeks (1) damages under the Act of (1) "an award up to two hundred fifty dollars ($250.00) for the first violation" of the Act, and (2) "up to one thousand dollars ($1,000.00) for each subsequent violation of law, per class member." Compl. ¶¶ 28.  Plaintiff also seeks "attorney fees under the Code of Civil Procedure § 1021.5 within the discretion of the court."  *Id.*  ¶ 30.

10.     Plaintiff seeks to litigate his claim on behalf of himself and a proposed class defined as follows:

> A class of all natural persons who were California residents
> at the time of making a purchase and who, within (1) year
> prior to the filing of the complaint in the within action who,
> in the course and scope of purchasing software downloaded
> or shipped, or other merchandise, and paying by credit card,
> was required to provide a telephone number and/or an
> address to MICROSOFT in order to receive merchandise
> from MICROSOFT, as a condition of paying by credit card.
> Excluded from the Class are the Court and any Court staff
> assigned to this matter, DEFENDANTS, their directors and
> officers and any member of their immediate families.

PLAINTIFF seeks to certify a class consisting of all said persons as follows: for the first cause of action, all natural persons who were California residents and within one year prior to the filing of this action and up through the date of class certification in this action, were required to provide their telephone number and/or address to MICROSOFT as a condition of using their credit card for the purchase of merchandise from MICROSOFT, including having to write this information on a pre-printed form.

Compl. ¶ 9.

11.     As demonstrated below, this Court has jurisdiction over Plaintiff's action and it is properly removed to this Court.

## BASIS OF FEDERAL JURISDICTION UNDER CLASS ACTION FAIRNESS ACT

12.     This action is removable to this Court because federal diversity jurisdiction under 28 U.S.C. § 1332 exists over Plaintiff's claims under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified at, *inter alia*, 28 U.S.C. §§ 1332(d) & 1453.

13.     CAFA became effective on February 18, 2005, and applies to any civil action commenced on or after its date of enactment.  CAFA applies to this action because this action was commenced on May 27, 2011.

14.     Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions.  CAFA provides that a class action against a non-governmental entity may be removed to federal court if:  (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the number of

1    proposed class members is not less than 100.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5),

2    (d)(6) & § 1453(b).  As set forth below, all of the requirements for removal are

3    satisfied here.

### Amount In Controversy Requirement

5        15.    CAFA's first requirement, that the aggregate amount in controversy

6    exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2) & (d)(6), is

7    satisfied here.

8        16.    Although Microsoft disputes liability and damages, Plaintiff seeks for

9    himself and the proposed class monetary relief that if granted would, in the aggregate

10   and exclusive of interest and costs, exceed CAFA's $5 million threshold.

11       17.    First, the $5 million threshold is satisfied because Plaintiff alleges that

12   "the total damages suffered by the class could far exceed the sum of $5,000,000.00 in

13   the aggregate, depending upon the amount of the civil penalty assessed."  Compl. ¶ 6.

14       18.    Second, and separately from Plaintiff's allegation quoted *supra* in

15   paragraph 17, Plaintiff's Complaint establishes an amount in controversy exceeding $5

16   million, exclusive of interest and costs, because Plaintiff (a) alleges that "there are in

17   excess of hundreds of thousands, if not millions of current and former MICROSOFT

18   members that would be members of the Class," Compl. ¶ 10, and (b) seeks "two

19   hundred fifty dollars ($250.00) for the first violation and up to one thousand dollars

20   ($1000.00) for each subsequent violation, *id.* ¶ 28.

21       19.    Because Plaintiff seeks "two hundred fifty dollars ($250.00) for the first

22   violation and up to one thousand dollars ($1000.00) for each subsequent violation,"

23   Plaintiff would only need to allege that there are 5,001 persons in the class to reach

24   CAFA's $5 million amount-in-controversy threshold.  *See Korn v. Polo Ralph Lauren*

25   *Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) (CAFA amount in controversy

26   satisfied where plaintiff sought civil penalties of one thousand dollars under Act and

27   defendant demonstrated that there were at least 5,001 putative claims); *see also Saulic*

28   *v. Symantec Corp.*, No. 07-CV-610, 2007 WL 5074883, at *7 (C.D. Cal. Dec. 26,

1  2007) (same); *Romeo v. Home Depot U.S.A., Inc.*, No. 06-CV-1505, 2006 WL

2  6814428, at *2 (S.D. Cal. Oct. 30, 2006) (same).  Here, Plaintiff alleges that "there are

3  in excess of hundreds of thousands, if not millions" of class members, Compl. ¶ 10,

4  which far exceeds the 5,001 proposed class members sufficient to establish an amount

5  in controversy of $5 million, exclusive of interest and costs.

6       20.    Plaintiff has therefore alleged an amount in controversy that exceeds $5

7  million, exclusive of interest and costs.  However, even if the Court were to conclude

8  that Plaintiff's allegations are insufficient to establish CAFA's $5 million aggregated

9  jurisdictional amount, the Declaration of Jim Travis, Principal Solution Manager in the

10  Retail Stores division of Microsoft's Sales, Marketing and Services Group, reasonably

11  estimates that from the beginning of Plaintiff's proposed class period, on May 27,

12  2010, through June 15, 2011, the Microsoft Store web site processed more than 71,000

13  online transactions for software with California consumers who used credit cards.

14  Declaration of Jim Travis ¶ 6.  A copy of the Declaration of Jim Travis is attached

15  hereto as Exhibit B.

16       21.    In addition, in May 2011 alone, there were more than 46,000 credit card

17  transactions with United States consumers through the Microsoft Store web site.

18  Travis Decl. ¶ 7.

19       22.    According to the 2010 United States Census, the population of California

20  was 37,253,956, and the population of the United States was 308,745,538.  United

21  States Census 2010 Interactive Population Map, *available at*

22  http://2010.census.gov/2010census/popmap/ (last visited June 30, 2011).  The

23  proportion of the United States population residing in California was therefore 12.07

24  percent.

25       23.    Applying that percentage to the number of Microsoft Store credit card

26  transactions with United States consumers yields a reasonable estimate of 5,552 credit

27  card transactions with California consumers in May 2011 and, on the assumption that

28  May 2011 is representative of the number of per-month transactions throughout a year,

1  a reasonable estimate of 66,624 transactions for the 12-month period preceding the

2  Complaint.  The assumption that May 2011 is a representative month is reasonable;

3  multiplying May's estimated 5,552 transactions by 12 yields 66,624 annual

4  transactions, which is close to the 71,000 transactions that Mr. Travis estimated as a

5  lower bound for the period from May 27, 2010 to June 15, 2011 *supra* in paragraph 20.

6       24.   Microsoft has therefore established by a preponderance of the evidence

7  that its web site processed more than 5,001 online transactions with California

8  consumers for "software downloaded or shipped, or other merchandise, and paying by

9  credit card", Compl. ¶ 9, during the alleged class period, the minimum number of

10 transactions necessary to satisfy CAFA's minimum amount in controversy of $5

11 million, exclusive of interest and costs.

12      **Minimal Diversity of Citizenship**

13      25.   CAFA's second requirement, that any one member of the proposed class

14 be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is also

15 satisfied here.  Plaintiff alleges he resides in California.  Compl. ¶ 3.  Plaintiff is a

16 citizen of California.  *Id.* ¶ 3.  Plaintiff further alleges that Microsoft is a Washington

17 corporation.  *Id.* ¶ 2.

18      26.   Microsoft's principal place of business is One Microsoft Way, Redmond,

19 WA.  Declaration of David Howard, attached as Exhibit C, ¶ 4.  It is from this location

20 that Microsoft's officers direct, control and coordinate Microsoft's activities.  *Id.*

21 Accordingly, Microsoft is a citizen of Washington, and diversity of citizenship exists

22 between at least one proposed class member and the defendant, satisfying 28 U.S.C. §

23 1332(d)(2).

24      27.   The complete diversity between the named Plaintiff and Microsoft not

25 only satisfies the minimal diversity-of-citizenship requirement under CAFA, but also

26 precludes the "local controversy" or "home state" exceptions in 28 U.S.C. § 1332(d)(3)

27 and § 1332(d)(4).

28

### Proposed Class Size

28.     CAFA's third requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332(d)(5), is satisfied here as well.

29.     First, Plaintiff alleges that "there are in excess of hundreds of thousands, if not millions of current and former MICROSOFT members that would be members of the Class," Compl. ¶ 10, establishing that the proposed class contains at least 100 members.

30.     Second, Microsoft has established that between the beginning of Plaintiff's class period, on May 27, 2010, and June 15, 2011, the Microsoft Store web sites processed 5,001 online transactions with California consumers for "software downloaded or shipped, or other merchandise, and paying by credit card", Compl. ¶ 9. *See supra* paragraphs 20-23.

31.     Plaintiff thus alleges a proposed class with at least 100 members.

32.     For all the foregoing reasons, this action is properly removed to this Court under CAFA.

Dated:  June 30, 2011                   WILLENKEN WILSON LOH & LIEB LLP

By: _____

William A. Delgado
Attorneys for Defendant
Microsoft Corporation

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICROSOFT CORPORATION, a Washington corporation and DOES 1
to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON SALMONSON, individually and on behalf of a class of persons
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 27 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>Central-Mosk<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 462493 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric A. Schreiber   (Bar # 194851)         Fax No.: (818) 789-3391
Schreiber & Schreiber, Inc., 16501 Ventura Boulevard, Suite 401, Encino, CA 91436   Phone No.: (818) 789-2577

| DATE: MAY 27 2011<br>*(Fecha)* | Clerk, by _____, Deputy<br>*(Secretario)*                *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):* Microsoft Corporation, a Washington corporation

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

EXHIBIT ___A___   PAGE ___8___

1    EDWIN C. SCHREIBER, SBN 41066
     ERIC A. SCHREIBER, SBN 194851
2    SCHREIBER & SCHREIBER, INC.
     16501 Ventura Boulevard  Suite 401
3    Encino, California 91436-2068
     Tel:  (818) 789-2577
4    Fax:  (818) 789-3391

5

     Attorneys for Plaintiff, Jason Salmonson
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 27 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
       RUCENA LOPEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JASON SALMONSON, individually and on behalf of a class of persons similarly situated<br><br>         Plaintiff,<br><br>    vs.<br><br>MICROSOFT CORPORATION, a Washington corporation; and DOES 1 to 100, Inclusive,<br><br>         Defendants | Case No.   BC 462493<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF CIVIL CODE § 1747.08** |

1
COMPLAINT

1  EDWIN C. SCHREIBER, SBN 41066
   ERIC A. SCHREIBER, SBN 194851
2  SCHREIBER & SCHREIBER, INC.
   16501 Ventura Boulevard  Suite 401
3  Encino, California 91436-2068
   Tel:  (818) 789-2577
4  Fax:  (818) 789-3391

5

   Attorneys for Plaintiff, Jason Salmonson
6
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
7
                  **FOR THE COUNTY OF LOS ANGELES**
8

9
   JASON SALMONSON, individually          Case No.
10 and on behalf of a class of persons similarly
   situated                        )      **CLASS ACTION**
11              Plaintiff,          )
                                    )      **COMPLAINT FOR:**
12         vs.                      )
                                    )      **1. VIOLATION OF CIVIL CODE § 1747.08**
13 MICROSOFT CORPORATION,           )
   a Washington corporation;        )
14 and DOES 1 to 100, Inclusive,    )
                                    )
15         Defendants              )
                                    )
16                                  )

17

18

19

20

21

22

23

24

25

26

27               —

28

                              1
                          COMPLAINT

EXHIBIT  A   PAGE  10

1       JASON SALMONSON ("PLAINTIFF"), on behalf of himself and all others similarly situated,

2   for this complaint, alleges as follows:

3                         **NATURE OF THE CASE**

4       1.    This is a class action brought on behalf of all natural persons who are or, at the time of

5   purchase were California residents, and purchased software, primarily through an electronic download,

6   but, also through shipment in the mail of computer software from MICROSOFT by and through

7   MICROSOFT's Internet web site (www.Microsoft.com). In line with any software purchase by credit

8   card, including download only purchase, MICROSOFT requires a customer to provide personal

9   information, including but not limited to a home address and telephone number. MICROSOFT lists

10  telephone number and home address as "required information" and the transaction cannot be completed

11  without first providing this information to MICROSOFT. That is, MICROSOFT requires, as a

12  condition of purchase, that a consumer provide it with a telephone number and home address prior to

13  allowing the customer to make a credit card purchase. This request is also made by and through the

14  use of a pre-printed form, which requires a consumer to fill in his or her phone number and address.

15  Requesting or requiring a telephone number and/or home address in line with a credit card transaction,

16  and using a pre-printed form to require a consumer to write this information violates the Song-Beverly

17  Credit Card Act (Civil Code § 1747.08).

18                              **I.**

19                        **THE PARTIES**

20      2.    PLAINTIFF is informed and believes and therefore alleges that: Defendant

21  MICROSOFT, INC. ("MICROSOFT") is now, and at all times relevant hereto was an is a Washington

22  corporation, licensed to transact business in California and is the owner and operator of the website

23  www.Microsoft.com,. All DEFENDANTS, including all DOE DEFENDANTS are collectively

24  referred to as "DEFENDANTS."

25

26      3.    At all times herein mentioned, PLAINTIFF was and is a resident of Los Angeles,

27  California. On or about March 5, 2011, PLAINTIFF visited MICROSOFT's website because he desired

28  to purchase a software download of a product known as Office Home and Student 2010 (English).

EXHIBIT____A____ PAGE__11

1   PLAINTIFF was required to fill in various information on Defendant's pre-printed form in line with

2   his purchase, including his name, home address, phone number, e-mail address, credit card number,

3   credit card expiration date and the credit security code or CCID (credit card identification number).

4   PLAINTIFF attempted to make his purchase without providing his phone number to MICROSOFT,

5   but the transaction would not progress to the next page to complete the purchase until PLAINTIFF

6   provided his telephone number.   That is, providing a telephone number was a requirement of

7   completing the credit card purchase.   Thereafter, PLAINTIFF provided MICROSOFT with all the

8   information it required, and completed the transaction, paying for the software download by and

9   through his credit card. PLAINTIFF is informed and believes and therefore alleges that MICROSOFT

10   captured and retained all of the information PLAINTIFF provided to MICROSOFT in line with the

11   transaction.

12

13       4.   DOES 1 through 100 participated in activities alleged herein in ways which are unknown

14   to PLAINTIFF at this time.  Except as described herein, PLAINTIFF is, as yet, unaware of the true

15   names, capacities, nature, and extent of participation in the activities alleged herein of the persons sued

16   as DOES 1 to 100 inclusive, and therefore sue these DEFENDANTS by such fictitious names.

17   PLAINTIFF will amend this Complaint to allege the true names and capacities of the DOE

18   DEFENDANTS when ascertained.

19

20       5.   PLAINTIFF is informed and believe and therefore alleges that all DEFENDANTS were

21   the agents and/or employees of each other and were acting in the course and scope of their employment

22   and/or agency with the permission and approval of all other DEFENDANTS throughout all times

23   herein alleged.

24                                              **II.**

25                          **JURISDICTION AND VENUE**

26       6.   This court has jurisdiction over this action pursuant to California Code of Civil

27   Procedure Section 410.10, because the relevant events occurred in Los Angeles County, California.

28   Furthermore, pursuant to MICROSOFT's contract, all actions are to be brought in State or Federal

EXHIBIT___ A ___ PAGE___ 12

1  Court in Los Angeles County, California and apply California law to all contracts. The amount in

2  controversy for PLAINTIFF and all members of the Class exceeds $75,000.00, but neither PLAINTIFF

3  nor any Class member individually has suffered damages of at least $75,000.00.  PLAINTIFF is

4  informed and believes, and thereupon alleges that the total damages suffered by the class could far

5  exceed the sum of $5,000,000.00 in the aggregate, depending upon the amount of the civil penalty

6  assessed.

7

8       7.    Venue is proper in this Court pursuant to California <u>Code of Civil Procedure</u> Sections

9  395 and 395.5. Defendant has solicited business and entered into contractual relationships in Los

10  Angeles County, California.

11

12       8.    The DEFENDANTS conduct and transact business in the State of California in that they

13  own and operate an Internet web site which transacts business with, and enters into contractual

14  relations with California residents, DEFENDANTS are licensed to transact business in California, and

15  PLAINTIFF is informed and believes and therefore alleges that DEFENDANTS' maintain sales offices

16  and places of business in California.

17                 **III.**

18           **<u>CLASS ALLEGATIONS</u>**

19      9.    Pursuant to Section 382 of the <u>Code of Civil Procedure,</u> PLAINTIFF brings this action

20  on behalf of itself and on behalf of a Class consisting of:

21          A class of all natural persons who were California residents at the time of
        making a purchase and who, within one (1) year prior to the filing of the

22          complaint in the within action who, in the course and scope of purchasing
        software downloaded or shipped, or other merchandise, and paying by credit

23          card, was required to provide a telephone number and/or an address to
        MICROSOFT in order to receive merchandise from MICROSOFT, as a

24          condition of paying by credit card. Excluded from the Class are the Court and
        any Court staff assigned to this matter, DEFENDANTS, their directors and

25          officers and any member of their immediate families.

26          PLAINTIFF seeks to certify a class consisting of all said persons as follows:
        for the first cause of action, all natural persons who were California residents

27          and within one year prior to the filing of this action and up through the date
        of class certification in this action, were required to provide their telephone

28          number and/or address to MICROSOFT as a condition of using their credit

EXHIBIT_____A_____ PAGE____13

card for the purchase of merchandise from MICROSOFT, including having to write this information on a pre-printed form.

10.         <u>Numerosity of the Class</u>

The members of the Class are so numerous that separate joinder of each member is impractical. PLAINTIFF believes there are in excess of hundreds of thousands, if not millions of current and former MICROSOFT members that would be members of the Class. Although the exact number and identities of the Class members are presently unknown to the PLAINTIFF, their number and identities can be readily ascertained from the DEFENDANTS' records.

11.       <u>Existence and Predominance of Common Questions of Law or Fact</u>

Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

a.    Whether all persons who are current and former members of MICROSOFT are bound by MICROSOFT's Terms of Sale which note, "The laws of the state where you live governs all other claims, including claims under state consumer protection laws." (Terms of Sale, November 2010 edition, which PLAINTIFF is informed and believes and therefore alleges is the most recent edition of these terms).

b.    Whether all persons who are current and former customers of MICROSOFT are required to provide their telephone number and/or address as a condition of paying for MICROSOFT's goods by credit card, including having to write this information on a pre-printed form;

c.    Whether each and every member of the class is entitled to statutory damages as a matter of law;

d.    Whether each and every transaction between MICROSOFT and class members is virtually identical;

e.    Whether each and every member of the class is a victim of MICROSOFT's unlawful conduct in violation of the Song-Beverly Credit Card Act.

EXHIBIT_____A_____ PAGE 14

12.   Typicality

PLAINTIFF's claims are typical of the claims of the Class members, since he purchased a software download from MICROSOFT and was required to provide his address and telephone number as a condition of using his credit card to obtain goods from MICROSOFT, which is the same or substantially similar to what all other members of MICROSOFT who wished to pay by credit card were required to do, including having to write this information on a pre-printed form. Furthermore because this lawsuit seeks to effect a change in conduct of the Defendants, and each of them, and seeks to confer a significant benefit on, and the enforcement of a significant right upon the public, because of the necessity of private enforcement and in the interests of justice, Plaintiff seeks to recover attorney's fees under Code of Civil Procedure § 1021.5.

13.   Adequacy of Representation

PLAINTIFF will fairly and adequately represent and protect the interests of the Class. PLAINTIFF's interests do not conflict with the interests of the Class members he seeks to represent: PLAINTIFF has retained competent counsel experienced in complex class action litigation, including deceptive trade practices. PLAINTIFF intends to vigorously prosecute this action.

14.   Superiority

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member are too small to justify the burden and expense of individual prosecution, so that it would be virtually impossible for the members of the Class to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such litigation, the court system could not. Individual litigation of the issues raised by the DEFENDANT's conduct would increase the delay and expense to all parties and to the court system. Therefore, this case is ideally suited for class treatment.

**IV.**

**SUBSTANTIVE ALLEGATIONS**

15.   PLAINTIFF purchased a software download from MICROSOFT on March 5, 2011. As a condition of receiving goods from MICROSOFT, PLAINTIFF was required both to provide his telephone number and address in order to complete his credit card purchase. PLAINTIFF could not

EXHIBIT___A___PAGE__15

1   complete his credit card transaction without providing MICROSOFT with his telephone number and

2   address on MICROSOFT's pre-printed form. That is, providing a telephone number was a condition

3   of paying by credit card, as MICROSOFT's website would not permit PLAINTIFF to obtain goods

4   from MICROSOFT by credit card unless he first provided his telephone number and address to

5   MICROSOFT. The request for telephone number and address immediately precedes the credit card

6   payment and MICROSOFT will not permit a customer to purchase their products by credit card unless

7   they first provide MICROSOFT with all of the requested information including telephone number and

8   address.

9       16.    MICROSOFT both requests and requires customers to provide MICROSOFT with

10  personal information including, but not limited to the customer's telephone number and address as a

11  condition of accepting a credit card as payment for MICROSOFT's goods and services, this

12  information is also requested by and through the use of a pre-printed form which requires a consumer

13  to provide his or her personal information to MICROSOFT.

14      17.    PLAINTIFF is informed and believes, and therefore alleges that MICROSOFT records

15  each consumer's personal information, including, but not limited to a telephone number and address,

16  in line with each credit card transaction, and keeps records of such personal information.

17      18.    PLAINTIFF is informed and believes, and therefore alleges that MICROSOFT is not

18  contractually obligated to provide a consumer's telephone number and/or address in order to complete

19  the credit card transaction, nor is MICROSOFT required to record a consumer's telephone number or

20  address by federal law or regulation. PLAINTIFF is informed and believes that because MICROSOFT

21  obtains the CCID or credit card identification number, the credit card transaction would be permitted

22  to proceed. Furthermore PLAINTIFF is informed and believes that even if the credit card processing

23  company or companies required a valid billing address and CCID, under no circumstance would

24  PLAINTIFF's telephone number be required to complete his transaction, that is, under no circumstance

25  does MICROSOFT need PLAINTIFF's telephone number in order to complete a software download

26  transaction. MICROSOFT does not need PLAINTIFF's address because, in the case of PLAINTIFF's

27  transaction, nothing was shipped to him.

28

EXHIBIT    A    PAGE 16

1    19.    MICROSOFT does not require a consumer's telephone number or address for a special

2    purpose incidental, but related to the individual credit card transaction, as a telephone number and

3    address is unnecessary to complete the transaction which involves the downloading of software directly

4    to a computer.  All elements of the transaction can be and are accomplished over the Internet which

5    does not require a shipping address or an individual telephone number.  There is no purpose or need

6    for MICROSOFT to obtain a customer's telephone number, and in PLAINTIFF's case, his home

7    address.

8    20.    Pursuant Civil Code § 1747.08, the Court is required to award statutory damages in the

9    event it determines that the Song-Beverly Credit Card has been violated.

10                                        V.

11                          FIRST CAUSE OF ACTION

12              VIOLATION OF CIVIL CODE § 1747.08 et seq.

13                   (Against all DEFENDANTS, and Each of Them)

14    As and for a first cause of action against the DEFENDANTS, PLAINTIFF alleges as follows:

15    21.    PLAINTIFF hereby repeats and realleges Paragraphs 1-20 of this complaint as though fully set

16    forth herein.

17    22.    PLAINTIFF purchased a software download from MICROSOFT's website on March 5, 2011

18    with his credit card.  In line with each transaction, PLAINTIFF was required to provide MICROSOFT with his

19    home address and telephone number, which PLAINTIFF is informed and believes and therefore alleges that

20    MICROSOFT electronically recorded.

21    23.    MICROSOFT both requests and requires customers to provide MICROSOFT with personal

22    information including home address and telephone number as a condition of accepting a credit card as payment

23    for MICROSOFT's goods.  This request is also made by and through the use of a pre-printed form which

24    requires the consumer to provide the personal information to MICROSOFT before the transaction can proceed.

25    24.    PLAINTIFF is informed and believes and therefore alleges that MICROSOFT records each

26    consumer's personal information, in line with each credit card transaction, and keeps records of such personal

27    information.

28    25.    PLAINTIFF is informed and believes, and therefore alleges that MICROSOFT is not

COMPLAINT

EXHIBIT____A____PAGE__17

1  contractually obligated to obtain a customer's home address or telephone number in order to complete the credit

2  card transaction, nor is MICROSOFT required to record a consumer's telephone number by federal law or

3  regulation.

4       26.     PLAINTIFF is informed and believes, and therefore alleges that MICROSOFT is not required

5  to obtain a consumer's telephone number or address for a special purpose incidental, but related to the

6  individual credit card transaction.

7       27.     Pursuant Civil Code § 1747.08, the Court is required to award statutory damages in the event

8  it determines that the Song-Beverly Credit Card has been violated.

9       28.     Pursuant Civil Code § 1747.08, the Court has discretion to award damages of between

10  one cent ($.01) and two hundred fifty dollars ($250.00) for each primary violation, per violation and

11  between one cent ($.01) and one thousand dollars ($1,000.00) for each subsequent violation, per

12  violation, of the Song-Beverly Credit Card Act. PLAINTIFF seeks an award up to two hundred fifty

13  dollars ($250.00) for the first violation and up to one thousand dollars ($1,000.00) for each subsequent

14  violation of law, per class member.

15       29.     Therefore, PLAINTIFF and the class have been damaged in an amount to be proven at trial up

16  to the maximum penalty within the Court's discretion as provided for under Civil Code § 1747.08.

17       30. PLAINTIFF also requests that he and the class be awarded attorney fees under Code of Civil

18  Procedure § 1021.5, within the discretion of the Court.

19                          **PRAYER FOR RELIEF**

20       **WHEREFORE, PLAINTIFF prays judgment against DEFENDANTS and each of them, as follows:**

21                          On All Causes of Action

22       1.     An order certifying that this action may be maintained as a class action appointing PLAINTIFF

23  as designated the representative of the Class, and appointing PLAINTIFF's undersigned counsel as designated

24  counsel for the Class.

25       2.     That PLAINTIFF and all members of the Class be awarded statutory damages up to the legal

26            maximum pursuant to Civil Code § 1747.08

27       2.     That PLAINTIFF and members of the Class be awarded costs of suit herein;

28       3.     That PLAINTIFF and members of Class be awarded such other relief as this Court deems just

9

COMPLAINT

EXHIBIT ___A___ PAGE _18_

1   and proper.

2        4.   That PLAINTIFF and all members of the Class attorney's fees pursuant to <u>Civil Code</u> § 1021.5.

3

4

DATED: May 23, 2011                      **SCHREIBER & SCHREIBER, INC.**

5

6

7                             ERIC A. SCHREIBER, Attorneys for PLAINTIFF

8                             JASON SALMONSON individually, and on behalf
                              of a class of persons similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT___A___ PAGE _19_

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Eric A. Schreiber   (Bar # 194851)
Schreiber & Schreiber, Inc.
16501 Ventura Boulevard, Suite 401
Encino, CA 91436
TELEPHONE NO.: (818) 789-2577      FAX NO.: (818) 789-3391
ATTORNEY FOR *(Name):* Jason Salmonson, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central-Mosk

CASE NAME:
**Salmonson v. Microsoft Corporation**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 23, 2011

Eric A. Schreiber
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov LexisNexis® Automated California Judicial Council Forms |

EXHIBIT ___A___   PAGE _20_

| SHORT TITLE:                          | CASE NUMBER |
|---------------------------------------|-------------|
| Salmonson v. Microsoft Corporation    |             |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _3_ ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT _A_   PAGE _21_

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Salmonson v. Microsoft Corporation | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT____A____   PAGE 22

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Salmonson v. Microsoft Corporation | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT     A     PAGE 23

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Salmonson v. Microsoft Corporation | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1068 S. Alfred Street |
|---|---|

| CITY: Los Angeles | STATE: CA | Z P CODE: 90035 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Mosk _____ courthouse in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _____ 5/23/11 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*LexisNexis® Automated California County Forms*

| LACIV 109 (Rev. 03/11) | **CIVIL CASE COVER SHEET ADDENDUM** | Local Rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | **AND STATEMENT OF LOCATION** | Page 4 of 4 |

EXHIBIT___A___ PAGE 24



SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

BC 462493

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©).  There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Pending Assignment | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005)
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                                                  By _____
_____, Deputy Clerk
Page 1 of 2

EXHIBIT ____A____ PAGE __25__

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

EXHIBIT ___A___ PAGE 26

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

EXHIBIT ___A___ PAGE _27_

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

EXHIBIT____A____ PAGE__28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT____A____ PAGE 29

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

EXHIBIT ___A___ PAGE ___30___

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢          _____
(TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➢          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➢          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

EXHIBIT ___A___ PAGE __31__

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

EXHIBIT____A____PAGE__32__

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT___A___PAGE__33__

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

EXHIBIT____A____PAGE 34

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT_____A_____PAGE__35__

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date: _____

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT ___A___   PAGE ___36___

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐  Request for Informal Discovery Conference
    - ☐  Answer to Request for Informal Discovery Conference
2.  Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT ___A___ PAGE _37_

# EXHIBIT B

William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Chuck Casper (*pro hac vice* to be filed)
Peter Breslauer (*pro hac vice* to be filed)
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
123 South Broad St., 24th Fl.
Philadelphia, PA  19109

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SALMONSON, individually and on behalf of a class of persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington corporation; and DOES 1 to 100 inclusive,<br><br>    Defendants. | Case No.:<br><br>(State Court No. BC462493)<br><br>**DECLARATION OF JIM TRAVIS** |

EXHIBIT____B____PAGE__38

## DECLARATION OF JIM TRAVIS

I, Jim Travis, hereby declare as follows:

1.      I am over 21 years of age and am competent to give this declaration. Except where otherwise stated, I have personal knowledge of the following facts, all of which I believe to be true and correct.

2.      I am an employee of Microsoft Corporation ("Microsoft"), where I am a Principal Solution Manager in the Retail Stores division of Microsoft's Sales, Marketing and Services Group. I assumed this position on April 1, 2010. My employment responsibilities include solution ownership for business intelligence and information management related to the Retail Stores division. As part of my responsibilities, I oversee the Retail Store systems for data warehousing and business reporting.

3.      I have examined the Complaint filed in this action, in which the plaintiff makes allegations regarding his and others' online transactions to obtain Microsoft software and other products.

4.      Microsoft makes certain software available to consumers for online downloading over the Internet from Microsoft web sites. Microsoft also makes certain software available for delivery as packaged product through mail or other delivery services. Consumers who wish to download such software, or order delivery of packaged software, on the Microsoft Store web site are required to pay using a credit card or debit card, and provide a home address and phone number during their transaction.

5.      As part of my managerial responsibilities, I directed the compilation of statistics regarding transactions on the Microsoft Store web site. Those statistics showed that between May 27, 2010 and June 15, 2011, there have been over 100,000 online transactions with persons with California billing addresses in which a credit or debit card was used.

EXHIBIT ___B___   PAGE ___39___

6.      As part of my managerial responsibilities, I also directed the compilation of statistics showing the proportion of online transactions on the Microsoft Store web site for which credit cards are used.  Based on transaction data for May 2011, approximately 71 percent of United States online transactions on the Microsoft Store web site were made using credit cards.  Applying that percentage to the number of California transactions set forth in paragraph 5, there would have been more than 71,000 online Microsoft Store transactions with persons with California billing addresses using credit cards between May 27, 2010 and June 15, 2011.

7.      The statistics compiled for May 2011 also showed that during that one month, there were more than 46,000 United States credit card transactions on the Microsoft Store web site.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2011 at Redmond, Washington.

Jim Travis

DECLARATION OF JIM TRAVIS
-2-

EXHIBIT B  PAGE 40

# EXHIBIT C

1   William A. Delgado (Bar No. 222666)
2   wdelgado@willenken.com
    WILLENKEN WILSON LOH & LIEB LLP
3   707 Wilshire Blvd., Suite 3850
4   Los Angeles, CA 90017
    Tel: (213) 955-9240
5   Fax: (213) 955-9250

6
    Chuck Casper (*pro hac vice* to be filed)
7   Peter Breslauer (*pro hac vice* to be filed)
8   MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
    123 South Broad St., 24th Fl.
9   Philadelphia, PA  19109

10
    Attorneys for Defendant
11  MICROSOFT CORPORATION

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15  JASON SALMONSON, individually and        Case No.:
    on behalf of a class of persons similarly
16  situated,                                (State Court No. BC462493)

17              Plaintiffs,                   **DECLARATION OF DAVID
                                             HOWARD**
18

19  v.

20  MICROSOFT CORPORATION, a
    Washington corporation; and DOES 1 to
21  100 inclusive,

22              Defendants.

23

24

25

26

27

28

                              DECLARATION OF DAVID HOWARD

EXHIBIT____C____PAGE__41__

1

## DECLARATION OF DAVID HOWARD

2     I, David Howard, hereby declare as follows:

3     1.     I am over 21 years of age and am competent to give this declaration.

4  Except where otherwise stated, I have personal knowledge of the following facts, all of

5  which I believe to be true and correct.

6     2.     I am an employee of Microsoft Corporation ("Microsoft"), where my title

7  is Corporate Vice President.  I began my employment with Microsoft on August 2,

8  2010.

9     3.     Microsoft's principal place of business is One Microsoft Way, Redmond,

10  WA. It is from this location that Microsoft's officers direct, control and coordinate

11  Microsoft's activities.

12     I declare under penalty of perjury that the foregoing is true and correct.

13  Executed on June 29, 2011 at Redmond, Washington.

14

15                              David Howard

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID HOWARD
-1-

EXHIBIT____C____PAGE____42

## PROOF OF SERVICE

**STATE OF CALIFORNIA)**
**COUNTY OF LOS ANGELES)**

    I am employed in the county of Los Angeles State of California.  I am over the age of 18 and not a party to the within action; my business address is: APEX; 1055 W. Seventh Street, Suite 250, Los Angeles, CA 90017.

    On **June 30, 2011**, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1446** on the interested parties in this action.

[X]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

Edwin C. Schreiber
Eric A. Schreiber
**SCHREIBER & SCHREIBER, INC.**
16501 Ventura Boulevard, Suite 401
Encino, CA 91436-2068

[ ]    **BY FIRST CLASS MAIL** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the offices of the addressee(s) listed below.

[ ]    **BY OVERNIGHT COURIER** I caused each envelope with fees prepaid shipped by Federal Express.

Executed on **June 30, 2011**, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Wil Gutierrez
_____    _____
Type or Print Name                  Signature

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 5449 JHN (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> Jason Salmonson | DEFENDANTS <br> Microsoft Corporation |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Eric A. Schreiber    Tel: 818-789-2577 <br> Schreiber & Schreiber, Inc. <br> 16501 Ventura Blvd, Suite 401, Encino, CA 91436 | Attorneys (If Known) <br><br> William A. Delgado <br> Willenken Wilson Loh & Lieb LLP <br> 707 Wilshire Blvd., Suite 3850, Los Angeles, CA 90017 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1446; 28 USC 1332(d) - Removal of class action of alleged violation of Cal. Civ. Code 1747.08

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11-05449**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington State |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 30, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA)**
**COUNTY OF LOS ANGELES)**

3

4

     I am employed in the county of Los Angeles State of California.  I am over the age of 18 and not a party to the within action; my business address is: APEX; 1055 W. Seventh Street, Suite 250, Los Angeles, CA 90017.

5

6

     On **June 30, 2011**, I served the foregoing document(s) described as: **CIVIL COVER SHEET** on the interested parties in this action.

7

[X]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

8

9

Edwin C. Schreiber
Eric A. Schreiber
**SCHREIBER & SCHREIBER, INC.**
16501 Ventura Boulevard, Suite 401
Encino, CA 91436-2068

10

11

12

[ ]    **BY FIRST CLASS MAIL** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

13

14

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

[X]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the offices of the addressee(s) listed below.

18

[ ]    **BY OVERNIGHT COURIER** I caused each envelope with fees prepaid shipped by Federal Express.

19

20

Executed on **June 30, 2011**, at Los Angeles, California.

21

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

Wil Gutierrez

23

Type or Print Name                Signature

24

25

26

27

28